# IN RE FREEMAN.

PATENTS; DESIGNS; ANTICIPATION.

1. Comment by the Commissioner of Patents in his opinion upon the rejection of an application for a design patent, on the inutility of the descriptive language contained in the applicant's specifications, cannot properly be made the ground of assignment of error by the applicant on an appeal to this court from a decision rejecting his application.

2. In the matter of the application for a patent for a design, a picture of the design serves to convey a much more adequate idea of the design than any verbal description could possibly do, and in the presence of the picture a superadded verbal description is generally useless and even confusing.

3. Unlike the case of mechanical contrivances, the change or omission or addition of a few minor details of ornamentation in a design, even though ornamentation may depend upon the harmonious blending of numerous details, will not justify the multiplication of design patents, even though one design may readily be distinguished from another by some one or more features.

4. Substantial difference is required to render two several devices patentable as designs.
5. An application for a patent for a design for a hose supporter *held* to have been properly rejected by the Commissioner upon reference to a former patent issued to the same applicant, and to two other patents.

No. 238.   Patent Appeals.   Submitted January 15, 1904.   Decided February 2, 1904.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a design patent.

*Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. John P. Croasdale* and *Mr. C. D. Ehret* for the appellant.

*Mr. John M. Coit, Mr. C. C. Billings,* and *Mr. J. H. Griffin* for the Commissioner of Patents.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from the refusal of the Commissioner of Patents to issue letters patent of the United States for a certain design for a hose-supporter. The application was rejected upon reference to two previous patents, one, No. 468,074, issued on February 2, 1892, to one D. H. Warner for a stocking-supporter; and one, No. 499,773, issued on June 20, 1903 to one Geo. E. Adams, for a garment-supporter. No reference seems to be made in the record to a patent design No. 35,752, issued on February 18, 1902, for a hose-supporter, to the present applicant himself, upon an application filed by him on the same day with the present application, October 15, 1901, for a device almost similar in every respect, and which appears in a supplemental record filed by agreement of counsel, and which contains also the patents to Warner and Adams, as well as the patent to the applicant. The devices of these several patents, and that of the present application, are here grouped.

The applicant in his specification describes his alleged invention as follows:

"The design comprises a general inverted-pear-shaped configuration. The middle portion is bounded by the sides 5 and 6, which lie in arcs of the same circle. The lower extension is narrower and terminates in the semicircular end 7. The upper extension has a horizontal top margin 4, which margin joins the marginal sides 5 and 6 in curved lines. The intersection of the outer margin of the upper extension with the arc-shaped sides 5 and 6 of the middle portion form sharp angular indentations in the general outer configuration to the design. In the upper extension of the configuration is the horizontal slot 1. In the middle portion is the circular opening 2, the margin of which is concentric with the marginal sides 5 and 6, except as to the lower part, which extends downwardly in the narrow slit 3."

Commenting on this description, the Commissioner, in his opinion in the case, says:

"This descriptive language illustrates, in connection with the drawing of this case, the utter futility of attempting by words to describe the appearance of an object which may be perceived

immediately upon inspection of a picture thereof. In designs the appearance is the new thing which is to be secured by a patent. Words do not explain, but rather confuse, when added to the disclosure of the drawing. For this reason such descriptive material should be reduced to a minimum, or, better still, entirely eliminated from design-patent specifications. There can be no place in a design-patent specification for such descriptions as are intended to differentiate between material and immaterial elements, the test of which is the effect produced upon the eye of the beholder."

And this comment is made the basis of one of the assignments of error.

As already stated, the appellant's application was rejected as having been anticipated in the patents to Warner and Adams; and it was also held that whatever changes it showed from the devices in these two patents were due rather to the demands of mechanical utility than to the purpose of ornamentation, which is to be the test for the determination of the patentability of design devices.

The tribunals of the Patent Office concurred in the rejection of the application on the same grounds. From the Commissioner's decision the present appeal has been prosecuted.

1. We are somewhat at a loss to understand why the Commissioner's comment on the alleged inutility of the appellant's description of his device in his specifications, while a picture of the device was contained in the record before him, should have been made the ground of an assignment of error. Undoubtedly, in the matter of application for a patent for a design, a picture of the design serves to convey a greatly more adequate idea of the design than any verbal description could possibly do; and, in the presence of the picture, a superadded verbal description is generally useless and oftentimes confusing. This is all that the Commissioner said, or apparently intended to say; and, as it is the dictate of reason, common sense, and common experience, we fail to find any error in it. Of course, it is very different in the matter of applications for mechanical patents, where the pictures, or the drawings, as the nearest approaches to pictures

are there called, are often unintelligible without the aid of verbal description.

But it is claimed on behalf of the applicant, that the Commissioner, by the use of the language employed by him, showed that in deciding the case he wholly ignored the specifications. No such conclusion can properly be drawn from the Commissioner's comment. There is nothing in the record to show that the Commissioner has not fully and carefully considered the whole case upon its merits.

2. We do not understand why the appellant's application was not rejected on his own patent of February 18, 1902. The application, which resulted in that patent, and the present application, it is true, were filed on the same day, October 15, 1901; and it is to be presumed that both applications proceeded in due order in the Patent Office. One application was permitted to go to patent before the other application came up before the Examiner for final consideration. But this final consideration was had on April 28, 1902; the decision by the board of examiners-in-chief was rendered on May 5, 1902; and the decision of the Commissioner of Patents on May 21, 1903—all after the issuance of the patent to the appellant on February 18, 1902, for substantially the same device and design. It is true that there are some differences apparently between the device of the patent of February 18, 1902, and the device of the present application, which, if they were mechanical devices, might well serve to differentiate and distinguish them in respect of their patentable novelty. A minute cog-wheel, almost undistinguishable by the naked eye, might make a vast difference in the operativeness of a mechanical device, while details of that nature could not possibly make any appreciable difference between devices for designs. As has been well stated by the present Commissioner of Patents in another case, the novelty of a design device must be tested by the test of ornament. Now, while the final merit of ornamentation may depend upon the harmonious blending of numerous small details, and all such details are important in the production of the harmonious whole, yet it is very evident that, in such matters, differing therein from

mechanical contrivances, the change or omission or addition of a few minor details would not justify the multiplication of design patents, even though one design might readily be distinguished from another by some one or more features.

We find no substantial difference, no distinguishing patentable difference, between the design of the appellant's patent of February 18, 1902, and the design of the present application; and as he should not have two patents for the same design, it is clear to us that the present application was properly rejected.

3. Even apart from the effect of the applicant's patent of February 18, 1902, we think that his present application was properly rejected on reference to the patents to Warner in 1892 and Adams in 1893. The applicant's device and the devices of Warner and Adams, it is true, are not identical. They differ slightly in appearance, but they do not differ substantially; and we are very firmly of opinion that substantial difference is required to render two several devices patentable as designs. As we have already intimated, the difference between patentable novelties in mechanical matters and patentable novelties in matters of design results from the different nature of the two things. Detail is of little consequence in the latter; it may be all-important in the former.

Without further argument it must suffice to say that we fully concur in the conclusion reached by the Commissioner of Patents and the other tribunals of the Patent Office; and we think that the decision of the Commissioner refusing a patent to the applicant should be, and it is hereby affirmed.

The clerk of the court will certify this opinion, and the proceedings of the court in the premises, to the Commissioner of Patents according to law.                          *Affirmed.*